IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EDWINA CLARK,   }
                }
    Plaintiff,  }
                }    CIVIL ACTION NO.
v.              }
                }    CV-00-AR-3296-S
ALFA INSURANCE COMPANY,   }
                }
    Defendant.  }

**MEMORANDUM OPINION**

    On July 13, 2001 (Friday the Thirteenth), the court heard oral argument on plaintiff's motion for reconsideration of the order entered on July 11, 2001, denying plaintiff's motion for leave to amend her complaint. The order entered on July 11, 2001, was entered before plaintiff filed her response to "Defendant's Motion to Deny Plaintiff's Motion to Amend Complaint". Unfortunately, this court has seen too many documents called "motions to deny motions" to be shocked. But, the court has never before seen what defendant filed on July 12, 2001, styled "Defendant's Supplemental Motion in Support of Motion to Deny Plaintiff's Motion to Amend Complaint". Whew!

    There are at least three reasons why plaintiff's motion for reconsideration will be denied by separate order. First, the unamended scheduling order expressly required plaintiff to amend, if she wanted to do so, on or before June 1, 2001. Second, her proposed amendment would reintroduce a claim of age discrimination, a claim that had happily been eliminated by a previously allowed



amendment. Third, the mere disallowance of a belated amendment that would assert a "pattern and practice" of discrimination does not automatically preclude the introduction at trial evidence of a pattern and practice if relevant to a claim of disparate treatment. Plaintiff, of course, concedes that she is not attempting to represent a class.

DONE this 16th day of July, 2001.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE